This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40552**

**DELLA LOBATO, Individually and as
the Representative of THE WRONGFUL
DEATH ESTATE OF ADAM RAUL
LOBATO; and MICHAEL LOBATO,**

       Plaintiffs-Appellants,

v.

**ALBUQUERQUE HEIGHTS HEALTHCARE
AND REHABILITATION CENTER, LLC;
GENESIS HEALTHCARE, INC.; JANICA DE
VERA; JULIE A. SALCIDO; DOES 1-10; FOUR
HUMORS HEALTHCARE; and DR. LISA S.
NOYA,**

       Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Daniel E. Ramczyk, District Court Judge**

Shane T. Maier
Albuquerque, NM

for Appellants

The Checkett Law Firm, PLLC
John J. Checkett
Phoenix, AZ

for Appellees

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Plaintiffs appeal an order dismissing their complaint and compelling arbitration. Proposing that the district court improperly relied on a document outside the pleadings to grant dismissal, this Court's notice of proposed summary disposition proposed to reverse the order of the district court in order to allow discovery, as required by Rule 1-056(F) NMRA. [CN 5] Defendants have filed a memorandum in opposition to that proposed summary disposition conceding that the district court mistakenly characterized the question before it as jurisdictional, but arguing that the arbitration agreement at issue delegates questions regarding its own "formation, validity, scope and enforceability" to an arbitrator rather than the court. [MIO 9, 14] Having duly considered that memorandum, we remain unpersuaded and reverse.

**{2}** In asserting their delegation argument, Defendants direct our attention to the language of the arbitration agreement attached to their dismissal motion. [MIO 10] In doing so, Defendants assert, without citation to any authority, that "[t]he attachment of the arbitration agreement to the [m]otion to [d]ismiss and [c]ompel [a]rbitration did not convert the demand for arbitration into a [m]otion for [s]ummary [j]udgment." [MIO 3] As New Mexico courts have consistently explained, however, if "exhibits and affidavits, matters outside the pleadings, were presented to the court and not excluded for purposes of the motion, the proper standard of review is under Rule 1-056 for summary judgment." *GCM, Inc. v. Kentucky Cent. Life Ins. Co.*, 1997-NMSC-052, ¶ 11, 124 N.M. 186, 947 P.2d 143; *see Gulf Ins. Co. v. Cottone*, 2006-NMCA-150, ¶ 7, 140 N.M. 728, 148 P.3d 814 (treating dismissal order as summary judgment "[w]here matters outside the pleadings [were] considered" (internal quotation marks and citation omitted)). Defendants' memorandum makes no attempt to suggest that the arbitration agreement attached to the dismissal motion somehow did not constitute "matters outside the pleadings." *Id.* Similarly, Defendants do not argue that the district court somehow did not consider that arbitration agreement in deciding the motion.

**{3}** Because an exhibit was both attached to Defendants' motion and relied upon by the district court in granting that motion, this Court's review is governed by the standard outlined in Rule 1-056. *GCM, Inc.*, 1997-NMSC-052, ¶ 11. We further note that once material outside the pleadings is being considered by the district court, "all parties shall be given reasonable opportunity to present all material made pertinent to [a summary judgment] motion by Rule 1-056." Rule 1-012(B) NMRA. In order to ensure that parties have such an opportunity, Rule 1-056(F) permits a party to respond to a motion for summary judgment by asserting the need for additional discovery.

**{4}** Plaintiffs did so in this case, asserting both substantive and procedural unconscionability in connection with the agreement proffered by Defendants. [RP 53-57] In doing so, Plaintiffs asserted both the existence of additional material facts surrounding the creation of the document attached to Defendants' motion, supported as required by Rule 1-056(E), as well as their need for discovery in order to fully respond to Defendants' motion. [RP 50-53, 60-62] Plaintiffs' response included affidavits, as required by Rule 1-056(F), identifying the discovery necessary to fully address Defendant's motion. [RP 66-67] As we have explained in similar circumstances, district courts "'should not grant summary judgment before a party has completed discovery,

particularly when further factual resolution is essential to determine the central legal issues involved or the facts before the court are insufficiently developed.'" *Azar v. Prudential Ins. Co. of Am.*, 2003-NMCA-062, ¶ 84, 133 N.M. 669, 68 P.3d 909 (quoting *Sun Country Sav. Bank of N.M., F.S.B. v. McDowell*, 1989-NMSC-043, ¶ 27, 108 N.M. 528, 775 P.2d 730).

**{5}** As Defendants concede in their memorandum before this Court, procedural unconscionability involves more that the language of the contract at issue, "and examines the particular factual circumstances surrounding the formation of the contract, including the relative bargaining strength, sophistication of the parties, and the extent to which either party felt free to accept or decline terms demanded by the other." [MIO 12] Plaintiffs' response to Defendants' dismissal motion properly identified it as a motion for summary judgment and properly responded that additional discovery was necessary to respond to the document attached to Defendants' motion. We conclude that it was error to grant that motion given Plaintiffs' properly asserted need for further development of the facts material to the legal issue raised by their response to the motion.

**{6}** Finally, Defendants' memorandum invites us to interpret the district court's dismissal order as merely determining that the parties had agreed to have their disputes, "including the formation, validity, scope and enforceability of arbitration" decided by an arbitrator. [MIO 14] We note that such a reading would not be entirely consistent with the district court's order granting dismissal as a jurisdictional matter. More importantly, the factual circumstances surrounding the parties' agreements, including whether they clearly and unmistakably agreed to have any disputes decided by an arbitrator, remains to be developed in this case. *See Felts v. CLK Mgmt., Inc.*, 2011-NMCA-062, ¶ 17, 149 N.M. 681, 254 P.3d 124 (noting that "the arbitrability of a particular dispute is a threshold issue to be decided by the district court unless there is clear and unmistakable evidence that the parties decided otherwise"); *Rivera v. Am. Gen. Fin. Servs., Inc.*, 2011-NMSC-033, ¶ 41, 150 N.M. 398, 259 P.3d 803 (describing the requirement that an agreement "clearly and unmistakably delegates the issue of unconscionability to the arbitrator").

**{7}** Accordingly, we reverse the district court's dismissal order and remand this case to the court for further proceedings consistent with the requirements of Rule 1-056.

**{8}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JACQUELINE R. MEDINA, Judge**